```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Criminal No. 06-cr-079-01-PB

Dorothy Collins

**O R D E R**

On August 22, 2011, defendant appeared for a preliminary hearing under Fed. R. Crim. P. 32.1 on three alleged violations of conditions of supervision, as charged in the government's petition dated August 18, 2011 (doc. no. 139).  Defendant is on release from her conviction in 2007 for Interference with Commerce by Threats or Violence, Possession of a Firearm with an Obliterated Serial Number, and Possession of a Firearm by a Convicted Felon.

    The government alleges that, while on supervised release, defendant violated the conditions of her release by committing the crimes of illegal possession and use of a controlled substance (Standard Conditions #1 and #3) and failing to enroll in a program for narcotic addiction or drug or alcohol dependency (Standard Condition #2).  The defendant waived the preliminary hearing, thereby conceding that the government's

1

evidence was sufficient to establish probable cause that she had violated the conditions as charged in the petition.

Defendant sought release under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  The court issued its ruling orally from the bench.  The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that defendant did not meet her burden to show by clear and convincing evidence that her release, even on strict conditions, would pose no danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the

corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                                      _____  
                                                      Landya B. McCafferty  
                                                      United States Magistrate Judge

Date:  August 23, 2011

cc:   Daniel D. Lustenberger, Esq.  
      Debra M. Walsh, Esq.  
      U.S. Marshal  
      U.S. Probation